IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3067 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| RYAN R. WILCOX, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the civil rights complaint filed by the pro se plaintiff, John Maxwell Montin. Also before the court are (a) Filing No. 2, the plaintiff's Application for Leave to Proceed In Forma Pauperis ("IFP"), and (b) Filing No. 3, the plaintiff's Motion to Consolidate this case with Case No. 4:07cv3064.

The plaintiff is confined in the Lincoln Regional Center by order of the District Court of Hayes County, Nebraska, after a judgment rendered against him of "not responsible by reason of insanity" in criminal proceedings. The Prison Litigation Reform Act ("PLRA") does not apply to the plaintiff. See, e.g., Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001) (inmate of a mental facility confined pursuant to a finding of not guilty by reason of insanity was not a "prisoner" within the meaning of the PLRA). Upon review of the record, the plaintiff qualifies financially to proceed IFP, and Filing No. 2 is granted. The plaintiff is relieved of responsibility for the court's filing fee.

This case cannot be consolidated with Case No. 4:07cv3064, because that case is closed, judgment having been entered on March 7, 2007. Apparently, two days after the entry of judgment in Case No. 4:07cv3064, the plaintiff filed the above-entitled case against the same defendant asserting the same claims. This case must now be dismissed for the same reasons as the court dismissed Case No. 4:07cv3064, and the plaintiff shall not

burden the court with any more cases against the same defendant asserting the same claims.

By proceeding IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging civil rights violations by the court-appointed public defender who presently represents the plaintiff in state mental health proceedings. 42 U.S.C. § 1983 provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law."

"The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Thus, an allegation that a private individual has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. See, e.g., Pino v. Higgs, 75 F.3d 1461, 1464-67 (10th Cir. 1996): "To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983." Therefore, if the actions of the defendant were "not state action, our inquiry ends." Rendell-Baker v. Kohn, 457 U.S. at 838.

Ordinarily a public defender or other attorney appointed or retained to represent a defendant in state criminal proceedings is not considered to be acting "under color of state law" in performing an attorney's traditional functions as defense counsel. See Polk County v. Dodson, 454 U.S. 312, 321-22 (1981) (holding that a public defender does not act under color of state law, as required for an action under § 1983, because a public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is a legal "assumption that counsel will be free of state control"). Therefore, "a public defender does not act under color of state law when performing a lawyer's traditional functions ...." Id. at 325. Even if a public defender performs those functions without due care, the attorney does not act under color of state law. See also Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991) ("The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations."). In this case, the public defender has been appointed to represent the plaintiff in connection with the plaintiff's challenge to his confinement in the Lincoln Regional

3

Center.  The attorney does not function as an agent of the State in that context any more than he would in his representation of a criminal defendant.  Accordingly, the defendant is not a state actor, i.e., acting under color of state law, in his representation of the plaintiff.

This case must be dismissed for failure to state a claim on which relief may be granted against the defendant under the Constitution and laws of the United States.  The plaintiff may be able to bring an action against the defendant in a state court under state law, e.g., a claim of professional negligence, but he has not stated a claim on which relief may be granted under federal law.  Therefore, the above-entitled case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

THEREFORE, IT IS ORDERED:

1. That Filing No. 2, the plaintiff's Application for Leave to Proceed In Forma Pauperis, is granted;

2. That Filing No. 3, the plaintiff's Motion to Consolidate cases, is denied;

3. That the plaintiff's complaint and this action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

4. That judgment will be entered accordingly.

Dated this 19th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge